UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

READING BUS LINES, INC.,

Plaintiff,

v.

VAN HOOL, N.V.,

Defendant.

Civil No. 00-411 DWF/AJB

**ORDER**

This matter came before the Court on Plaintiff's motion seeking (1) protection from further discovery inspections of the damaged bus and (2) to exclude expert testimony. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is granted in part and denied in part [Docket No. 16];
2. By October 1, 2001, Defendant shall produce all additional expert reports;
3. Defendant is precluded from offering any expert testimony beyond that which is disclosed in (a) Mr. Russell Hicks' January 31, 2001 expert report and (b) any additional reports produced by October 1, 2001;
4. Defendant shall make no further discovery inspections of the damaged bus.

Dated: 9/14/01

Arthur J. Boylan
United States Magistrate Judge

FILED SEP 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## MEMORANDUM

This is a product liability suit arising out of a bus fire. Defendant is the manufacturer of the bus, and Plaintiff was/is the owner. Under the Pretrial Scheduling Order, as amended, Defendant was supposed to disclose expert reports (under FED. R. CIV. P. 26(a)(2)) on or before January 1, 2001. On February 28, 2001, Defendant produced a report by Russell Hicks, dated January 31, 2001.[1] During the months following, Defendant requested, and conducted, a couple inspections of the damaged bus. These inspections were conducted with Plaintiff's agreement.

As of August 2001, however, Defendant had not produced any additional or supplemental reports and was still requesting additional inspections of the damaged bus. Now, Plaintiff seeks (1) protection from additional discovery inspections of the bus and (2) to exclude expert testimony beyond that which is disclosed in Mr. Russell Hicks' January 31, 2001 expert report. To the extent that it seeks protection from additional discovery, Plaintiff's motion is treated as a typical discovery motion. To the extent that it seeks to exclude expert testimony, Plaintiff's motion is treated as an early pretrial motion *in limine*.

According to FED. R. CIV. P. 37(c)(1), a party who fails to disclose information required by FED. R. CIV. P. 26(a), shall not be permitted to use, at trial, any information not so disclosed, unless the failure is harmless or is substantially justified. The Court concludes that Defendant's failure to produce additional or supplemental reports before the January 1, 2001 deadline is substantially justified. Well after the deadline, Plaintiff agreed to further discovery inspections of the damaged bus and therefore; Defendant was led to believe that additional reports would be

[1]Although the January 31 report was not timely produced, Plaintiff does not contest admitting testimony consistent therewith.

considered timely. The Court agrees, however, that Defendant's time has now run out. Therefore, by October 1, 2001, Defendant shall produce all additional expert reports.

The amended discovery deadline (April 1, 2001) has passed, and Plaintiff is no longer willing to accommodate Defendant's requests. According to the Pretrial Scheduling Order, the schedule governing this case may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3. Because Defendant has made no such motion, the Court grants Plaintiff protection from further discovery inspections of the bus.

AJB

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500